a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEON BROWN, Petitioner | CIVIL ACTION NO. 1:20-CV-0793-P |
| VERSUS | JUDGE JOSEPH |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Plaintiff Deon Brown ("Brown") (#29707-076). Brown is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Brown claims his detention is unlawful under laws prohibiting slavery.

Because Brown cannot challenge the validity of his conviction under § 2241, his Petition (ECF No. 1) should be DISMISSED.

I. Background

Brown was convicted of conspiracy to distribute methamphetamine and sentenced to 275 months of imprisonment. *United States v. Brown*, 763 F. App'x 487 (6th Cir. 2019). His conviction and sentence were affirmed. *Id.*

Brown filed a motion to vacate under 28 U.S.C. § 2255, which is pending in the United States District Court for the Western District of Tennessee. Case 1:19-CV-1147, N.D. Tenn.

In his § 2241 Petition, Brown claims that his detention is in "violation of the Federal Constitution and Universal Declaration of Human Rights by the lower courts applying Debt Bondage or Peonage which is a form of slavery and involuntary servitude." ECF No. 1 at 7. Brown states that "all debts contracted and engagements entered into before the adoption of this constitution shall be as valid against the United States" and "no branded labels are to be used beyond jurisdiction or delegation of authority." ECF No. 1 at 8. Brown's Petition also states that "there is no cause of action under common law and must dismiss for lack of jurisdiction based on being without corpus delecti [sic], an injured party or damaged party, or lawful judiciary judgment of Article III of a criminal case that unlawfully imprisonment and detention is illegal of a constitutional guarantees from a void." ECF No. 1 at 8. Brown states that he should be released "because [the] Supreme Court requires not only that all elements of a crime listed in the statute charged must be proven but the government must also prove mens rea guilty mind of which a judgment is void if due process is violated, fraud is committed, or the court lacks jurisdiction." ECF No. 1 at 8.

II.  Law and Analysis

Rule 4 of the Rules Governing § 2254 Cases provides that "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases). This

rule applies equally to cases brought under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

The Thirteenth Amendment of the United States Constitution provides that "[n]either slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted shall exist within the United States, or any place subject to their jurisdiction." The Fifth Circuit Court of Appeals has held that there is no viable issue of peonage, slavery, or involuntary servitude when a person has been "duly tried, convicted and sentenced in accordance with the law." *Ali v. Johnson,* 259 F.3d 317, 318 (5th Cir. 2001) (quoting *Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir. 1963)).

Brown was convicted in the Western District of Tennessee. To the extent he attempts to attack his conviction, he must do so through his § 2255 motion. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam) (a § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence)). Claims cognizable under § 2255 include allegations that "judgment was rendered without jurisdiction, . . . that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

Section 2255(e) contains a "savings clause" that allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden

of affirmatively proving the inadequacy of § 2255. *See Jeffers*, 253 F.3d at 830. Specifically, the petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the petitioner raised it at trial, on direct appeal, or in the original § 2255 petition. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *Jeffers*, 253 F.3d at 830.

Brown currently has a § 2255 motion pending in the court of conviction. His motion has not been denied, so Brown cannot show that the remedy is inadequate or ineffective. Moreover, Brown does not allege that his claim is based on a retroactively applicable Supreme Court decision that establishes he is actually innocent. Therefore, Brown cannot proceed under § 2241.

## III. Conclusion

Because Brown cannot meet the requirements of the savings clause of § 2255(e), the Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Brown's claim.[1]

---

[1] *Pack v. Yusuff,* 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Rivera v. Edge*, 746 F. App'x 422, 423 (5th Cir. 2019) (unpublished) (modifying judgment to reflect dismissal was with prejudice as to the question of jurisdiction over the § 2241 petition and without prejudice as to all other issues).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Wednesday, September 9, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE